Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FILMORENA H. GEORGIEVA, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| FP HOLDINGS, L.P. dba PALMS CASINO RESORT, a Nevada Limited Partnership, | 2. RETAILIATION IN VIOLATION OF THE FAMILY AND MEDICAL ACT |
| Defendant. | JURY DEMAND |

Plaintiff FILMORENA H. GEORGIEVA ("Plaintiff" or "Georgieva") alleges as follows:

1. This action is brought pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (hereinafter "ADA") and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (hereinafter "FMLA").

2. Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as

1

this action involves a federal question.

3.   At all relevant times, FP HOLDINGS, L.P. dba PALMS CASINO RESORT, a Nevada Limited Partnership (hereinafter "Defendant" or the "Palms") employed 50 or more employees for each working day during in each of 20 or more calendar workweeks in the current or preceding calendar year, and is therefore subject to the provisions of the ADA and FMLA.

4.   The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5.   Plaintiff, Georgieva, is a resident of the State of Nevada, County of Clark and City of Las Vegas.

6.   Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant the Palms.

## EXHAUSTION OF REMEDIES

7.   Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on March 21, 2014, a copy of which is attached to Complaint as Exhibit "A".

## FIRST CAUSE OF ACTION

**(For Discrimination and Failure to Accommodate under the ADA)**

8.   Plaintiff Georgieva incorporates the allegation set forth in paragraphs 1 through 7, inclusive, as if fully set forth herein.

9.   On or about June 20, 2002, Plaintiff was hired by the Palms. During the time she employed by the Palms, Georgieva worked as a table games dealer.

10.   In September 2011 Plaintiff went on intermittent Family Medical Leave for one year due to her inability to grasp and hold objects for a prolonged period of time with her hands. In April of 2012 Georgieva was diagnosed with carpal tunnel syndrome in her right wrist.

11. At the beginning of December 2012 Plaintiff started to experience severe back pain which restricted her range of motions and made it difficult for her to sit, stand or lie for prolonged periods of time.

12. Shortly thereafter, Plaintiff was diagnosed with spondylosis in her lumbar region, mild levoscoliosis with multilevel degenerative disc decease greatest at L5-S1 where a mild disc bulge and facet arthropathy contributes to mild neuroforaminal stenosis and L5 radiculopathy.

13. Because of this pain in her back, Georgieva's physician insisted that Georgieva work a reduced work schedule of three to four days per week and be given home rest if needed should the condition become worse.

14. Although Georgieva had used up her FMLA for the year, Defendant agreed to accommodate Plaintiff under the ADA by allowing her to work the reduced schedule of three or four days per week per her doctor's request, starting in January of 2013.

15. Although the Palms allowed Plaintiff to work the reduced schedule, it was clear they were trying to get rid of her from that point forward, because of her need to be accommodated due to the physical disability to her back.

16. This included the following:

   (a) On or about January 27, 2013, Georgieva was given a record of discussion discipline for allegedly reaching into her pocket without notifying her supervisor when discussing an incident that happened in the supervisor's section a week prior. Plaintiff was not trying to be insubordinate by reaching into her pocket or confronting her supervisor about what happened in his section a week prior and didn't feel she should be disciplined for it.

   (b) On or about February 4, 2013, Georgieva was progressively disciplined by being given a written coaching for allegedly failing to clock out five of seven days during the week of January 26, 2013 through February 2, 2013. Plaintiff denies that she failed to clock out of these days. She did clock out on these days but the card she was using to clock out was not registering in the time clock.

(c) On or about February 14, 2013, Georgieva was verbally abused, harassed and humiliated in front of customers and co-workers in the pit area of the Palms Casino by Vice President and Table Games Manager Rich Strafella.

(d) On or about February 24, 2013, Georgieva was given a record of discussion discipline for an allegedly incorrect dealing procedure on the mini baccarat game she was dealing on February 21, 2013. Plaintiff denies she made an error and even if she did, this was a minor error that did not cost the casino any money and usually is not reported in the first place.

(e) On or about March 1, 2013, Georgieva was progressively disciplined by being given a written coaching for an allegedly incorrect payout of chips and incorrect dealing procedure on the roulette game she was dealing on February 24, 2013. Although Plaintiff does not dispute she might have made an error, this was because Georgieva had just started to deal roulette as this was not the regular game she dealt. Further, the roulette game she was asked to deal was very busy and no other inexperienced roulette dealers were asked to deal roulette during busy shifts, especially on the weekends.

17. From March 3, 2013 through March 18, 2013 Plaintiff was put on a medical leave of absence by her doctors.

18. Benefits specialist Felipe Meza told Georgieva she had to fill out FMLA paperwork per human resources manager Marnie Pipp's request.

19. Plaintiff reminded Meza that she was not eligible for FMLA leave but Georgieva was still forced to fill out the FMLA paperwork. The paperwork was filled out on April 9, 2013 and submitted to Meza thereafter. Her physician wrote that Georgieva was unable to sit, stand or lay for long periods and was also unable to perform work duties from March 3, 2013 through March 18, 2013.

20. Thereafter the Palms found that her medical leave of absence from March 3, 2013 through March 18, 2013 was unauthorized and a violation of Defendant's leave of absence policy.

21. Finally on April 7, 2013 Plaintiff was suspended pending investigation for allegedly incorrectly paying out two players on mini baccarat the prior day (ie. April 6, 2013), at the end of her

shift. Plaintiff denies incorrectly paying out these players as she sought guidance from the pit boss on duty and he nodded his head approving the transaction (ie. to pay the players).

22. On or about April 11, 2013, Plaintiff was involuntarily terminated from her employment with the Palms.

23. Prior to the three written write-ups which led to her termination, Georgieva never remembers getting written up for her performance and continually met standards on her annual performance reviews.

24. As a direct, foreseeable, and legal result of the Defendant's disability discrimination and failure to accommodate Plaintiff's disability, Plaintiff has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

25. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

26. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

27. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

28. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Retaliation in Violation of the FMLA)

29. Plaintiff Georgieva incorporates the allegation set forth in paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. In September 2011 Plaintiff went on intermittent Family Medical Leave for one year due to the inability to grasp and hold objects for a prolonged period of time with her hands. In April of 2012 Georgieva was diagnosed with Carpal Tunnel Syndrome in her right wrist.

31. From on or about March 3, 2013 through March 18, 2013 Plaintiff was put on medical leave of absence by her doctors. Her physician wrote in the FMLA certification that Georgieva was unable to sit, stand or lay for long periods and was also unable to perform work duties from March 3, 2013 through March 18, 2013.

32. On or about April 11, 2013, Plaintiff was involuntarily terminated from her employment with the Palms.

33. Plaintiff believes, alleges, and will prove at trial that a motivating factor in Defendant's decision to discharge Plaintiff was in retaliation for Plaintiff exercising or attempting to exercise her rights under the FMLA.

34. As a direct and proximate result of Defendant terminating Plaintiff for exercising or attempting to exercise her rights under the FMLA, Plaintiff Georgieva has suffered loss of income, including but not limited to past and future wages, benefits, expenses, insurance, loss of back pay, front pay, other consequential damages, pain and suffering and other damages to be proven at trial.

35. Defendants' actions in terminating Plaintiff for exercising her statutory rights under the FMLA were with deliberate indifference to such right or were willful, entitling Plaintiff to an award of liquidated damages equal to double the amount of her actual damages.

36. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

37. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to

proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Georgieva demands judgment against Defendant, as follows:

1. Declaring that the acts and practices complained of here are a violation of ADA and FMLA;

2. Enjoining and permanently restraining the violations by Defendant of the ADA and FMLA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For liquidated damages under the FMLA as an additional amount equal to the sum of actual damages and interest;

5. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

6. For punitive damages;

7. For attorney's fees and costs in an amount determined by the court to be reasonable;

8. For pre-judgment interest on all damages; and

9. For any other and further relief that the Court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 6/2/2014                LAW OFFICES OF MICHAEL P. BALABAN

BY: _____
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141

# EXHIBIT A

EEOC Form 161-B (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Filmorena H. Georgieva<br>8220 Campana Dr.<br>Las Vegas, NV 89147 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2014-00380 | Ramiro M. Gutierrez,<br>Investigator | (702) 388-5081 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Amy Burkholder* (signature)

Amy Burkholder,
Local Office Director

MAR 2 1 2014
(Date Mailed)

Enclosures(s)

CC:
**Maggie Peg
HR Director
PALMS CASINO RESORT
4321 W Flamingo Rd
Las Vegas, NV 89103**